UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>           Plaintiff-Respondent, )<br>)<br>v. )<br>)<br>JAJUAN AMOND HUNT, )<br>)<br>           Defendant-Petitioner. ) | Case No. 4:20-cr-40057-SLD-JEH-1 |

ORDER

Before the Court is Defendant-Petitioner Jajuan Amond Hunt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), ECF No. 78. For the reasons that follow, the motion is DENIED.

BACKGROUND

On November 17, 2020, Hunt was indicted for possessing a firearm as a convicted felon on or about September 18, 2020, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Indictment, ECF No. 1. After the Court denied Hunt's motion to suppress, *see* Sept. 3, 2021 Min. Entry, he pleaded guilty and consented to forfeiture of the firearm, *see* Nov. 4, 2021 Min. Entry. On March 22, 2023, Hunt was sentenced to 120 months of imprisonment to be followed by three years of supervised release, ordered to forfeit the firearm, and ordered to pay a special assessment of $100. *See* Mar. 22, 2023 Min. Entry; Judgment, ECF No. 66. Hunt appealed the denial of his motion to suppress and his sentence, and the Seventh Circuit dismissed his appeal after his counsel moved to withdraw. *See generally United States v. Hunt*, No. 23-1616, 2024 WL 50464 (7th Cir. Jan. 4, 2024).

The 2255 Motion followed Hunt's unsuccessful appeal. *See* 2255 Mot. 1.[1] The 2255 Motion uses the standardized form for § 2255 motions, *id.* at 1–12, but includes a supporting memorandum entitled "Motion to Correct Clerical Error in Judgment and Clarification or Modification of Sentence[] Pursuant to Fed. R. Crim. P. Rule 36 and Rule 35(a)," *id.* at 13–15. The Court informed Hunt of its intent to treat the 2255 Motion as a motion under § 2255 and the consequences attendant to such treatment, giving him the opportunity to withdraw or amend the 2255 Motion. *See* Apr. 22, 2024 Text Order. He subsequently "consent[ed] to collateral review" and to the Court's intent to treat the 2255 Motion as a motion under § 2255. *See* Not. Acceptance, ECF No. 81.

## DISCUSSION

### I. Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

---

[1] The 2255 Motion consists of the standardized form for motions filed under 28 U.S.C. § 2255, a supporting memorandum, and two exhibits—all filed together as ECF No. 78. While the form is paginated, the memorandum and one of the exhibits are not. The Court's citations to the 2255 Motion use the page numbers generated by CM/ECF.

II. Analysis

Hunt advances four bases for correcting or vacating his sentence, none of which provide a cognizable or plausible basis for this Court granting him relief under § 2255. *See* 2255 Mot. 13–15.

### A. Release Date Calculation

First, Hunt asserts that the Bureau of Prisons ("BOP") has miscalculated his release date. *Id.* at 13. He asserts that he should be awarded "prior credit time" of "853 days," starting with his arrest on September 18, 2020. *Id.* However, the calculation of presentence credits is the province of the BOP, not the sentencing court. *See* 18 U.S.C. § 3585; *Lundy v. United States*, No. 1:04-CR-84, 2017 WL 2060654, at *3 (N.D. Ind. May 15, 2017). To challenge the BOP's calculation, Hunt would need to exhaust his administrative remedies and file a motion under 28 U.S.C. § 2241 in the district court for the jurisdiction within which he is currently confined. *See Hanika v. Sproul*, No. 22-cv-330-DWD, 2022 WL 4960353, at *2 (S.D. Ill. Oct. 4, 2022). Hunt is currently held at USP Atwater, *see* 2255 Mot. 14, so he would need to file a § 2241 motion in the Eastern District of California to get relief for this alleged miscalculation. Hunt's first basis for relief is not cognizable on a § 2255 motion before this Court.

### B. Placement

Second, Hunt challenges his placement at USP Atwater. *Id.* at 13–14. The Judgment imposing Hunt's sentence stated that "[i]t is recommended that the defendant serve his sentence in a facility as close to Rock Island, Illinois, as possible," and further recommended that Hunt be given access to certain programs, medical treatment, and other opportunities. Judgment 2. Hunt asserts that his placement at USP Atwater violates this recommendation because he is not receiving "adequate medical care or treatment for his leg injuries" and that "such oversight or

inadvertence to the court's intentions must be corrected." 2255 Mot. 14.  However, the Court only made a recommendation, *see* Judgment 2, as it cannot direct the BOP to place any prisoner at any institution, *see* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program.  But decisionmaking authority rests with the BOP." (citation omitted)); *Hill v. Warden, FCI Pekin*, No. 21-cv-1220, 2022 WL 731506, at *3 (C.D. Ill. Mar. 10, 2022) ("[T]he statute also provides that 'a designation of a place of imprisonment under this subsection is not reviewable by any court.'" (quoting 18 U.S.C. § 3621(b))).  The Court cannot control the BOP's discretion regarding Hunt's placement.  Hunt's second basis for relief is not cognizable.

  **C.  Armed Career Criminal Act**

  Third, Hunt asserts that the information regarding predicate convictions required for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was not given to him at his plea colloquy and that if he knew what that section required, "he would not have pled guilty to being a convicted felon . . . and proceeded to trial," 2255 Mot. 14.  Hunt is not plausibly entitled to relief on this basis because he was not sentenced pursuant to § 924(e)(1).  *See* Judgment 1 (sentencing Hunt for violating 18 U.S.C. §§ 922(g)(1), 924(a)(2)).  At his change of plea hearing, the Court specifically asked if there was "any ACC[A] exposure," and both his attorney and the Government's attorney affirmed that there was not.  *See* Change Plea Hr'g Tr. 7:6–11, ECF No. 73.  It is wholly improbable that had Hunt knew about the requirements of an irrelevant statute, he would not have pleaded guilty.[2]  Hunt's third basis for relief is implausible.

---

[2] The Court surmises that Hunt is conflating § 922(g)(1)'s requirement that a person have a prior felony conviction and the requirement for the enhanced sentence under § 924(e)(1) that a person have three previous convictions for a violent felony or serious drug offense or both.  If a person who has violated § 922(g)(1) has three prior qualifying felony convictions, § 924(e)(1) requires that the court impose a mandatory minimum fifteen-year sentence.  Hunt was not subject to the enhanced sentence under § 924(e)(1).  He was sentenced to 120 months.

### D. Execution of Judgment

Finally, Hunt points to the second page of the Judgment and notes that neither "the United States marshal nor the Deputy marshal endorsed or signed the judgment as executed, delivered and certified RETURN to the district court as the original lawful order under the authority of the United States," and therefore his "commitment order was not lawfully executed by the United States." *See* 2255 Mot. 14–15; Judgment 2 (showing that the lines under "I have executed this judgment as follows" are unsigned). This argument is addressed to the execution of Hunt's sentence—not the Court's authority to impose such a sentence—and therefore is not cognizable on a § 2255 motion. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence . . . may not be brought under § 2255 and therefore falls into the domain of § 2241.").[3] Hunt's fourth basis for relief is not cognizable on a § 2255 motion.

## III. Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hunt has not made such a showing. The Court, therefore, declines to issue a certificate of appealability.

---

[3] Even if Hunt presented this argument in a § 2241 petition to the proper court, he likely would not be entitled to relief based upon this issue. *See Annamalai v. Warden*, 760 F. App'x 843, 849 (11th Cir. 2019) ("[T]he district court's Judgment and sentence provide the authority for holding [the petitioner] in custody, rather than a Return from his prison warden."); *Castillo-Chavez v. Warden, USP-Atwater*, No. 1:24-cv-00037-JLT-SKO (HC), 2024 WL 308222, at *1 (E.D. Cal. Jan. 26, 2024) ("[A]ny lack of proper completion of the Return is not a clerical error, nor does it confer any rights on the sentenced inmate.").

## CONCLUSION

Accordingly, Defendant-Petitioner Jajuan Amond Hunt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 78, is DENIED. The Clerk is directed to enter judgment and to close the accompanying civil case, *Hunt v. United States*, 4:24-cv-04056-SLD.

Entered this 22nd day of October, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
