UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case Nos. 4:20-cr-40057-SLD-JEH; |
| ) | 4:24-cv-04056-SLD; & 4:25-cv-04065- |
| JAJUAN AMOND HUNT, ) | SLD |
| ) | |
| Defendant-Petitioner. ) | |

ORDER

Before the Court are Defendant-Petitioner Jajuan Amond Hunt's Motion to Reconsider Doc #82 Under Rehaif 139 S.Ct-N-Waters 64 F.4th 199 ("Motion to Reconsider"), ECF No. 84, and Petition for Writ of Audita Querela Set Aside and Vacate Defective Conviction 28 U.S.C. 1651(a) All Writs Act ("Petition for Writ"), ECF No. 85. For the reasons that follow, the motion and petition are DISMISSED for lack of jurisdiction.

BACKGROUND

The Court has previously described the circumstances of Hunt's conviction and sentence and presumes familiarity with its Order denying Hunt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), ECF No. 78. *See generally* Oct. 22, 2024 Order, ECF No. 82. As relevant here, Hunt pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C §§ 922(g)(1), 924(a)(2). *Id.* at 1. After Hunt submitted his 2255 Motion, the Court warned Hunt that it intended to treat the 2255 Motion as his first motion under § 2255 and that "this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions laid out in 28 U.S.C. § 2255(h)." Apr. 22, 2024 Text Order. Hunt acquiesced to that treatment.

1

*See* Not. Acceptance, ECF No. 81. The Court ultimately rejected the arguments advanced in the 2255 Motion as either incognizable on a motion under 28 U.S.C. § 2255, as opposed to 28 U.S.C. § 2241, or implausible. Oct. 22, 2024 Order 3–5. Judgment was entered on October 25, 2024. Judgment on Mot. Under 2255, ECF No. 83. Hunt's Motion to Reconsider was mailed on December 19, 2024, fifty-five days later. Second Envelope, ECF No. 84-2. He does not provide any information regarding when his motion was submitted to his institution's mailing system. His Petition for Writ similarly contains no information about when it was submitted to the mailing system, though the envelope indicates it was mailed on March 17, 2025. Envelope, ECF No. 85-1.

## DISCUSSION

### I. Motion to Reconsider

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *E.g.*, *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quotation marks omitted). Hunt asks the Court to reconsider its October 22, 2024 Order in light of precedents like *Rehaif v. United States*, 588 U.S. 225, 227 (2019). Mot. Recons. 1–2 (citing *Rehaif*, 588 U.S. at 225); *see also id.* (citing *United States v. Waters*, 64 F.4th 199, 202 (4th Cir. 2023) (finding that "the district court erred in concluding that *Rehaif* does not apply to felon-in-possession convictions under 18 U.S.C. § 922(g)(1)")). *Rehaif* held that for purposes of 18 U.S.C. § 922(g)(1) "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status," such that the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 588 U.S. at 227.

Hunt does not specify a procedural vehicle for the Motion to Reconsider, but his arguments make clear that he is asking the Court to again consider the merits of his claim for habeas relief. The Court must, accordingly, determine whether this motion should be construed as a successive § 2255 motion over which the Court would lack jurisdiction. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."). A motion to reconsider filed in a civil case is typically considered a motion under Federal Rules of Civil Procedure 59(e) or 60(b). *See Adamczyk v. IDOC*, No. 19-cv-1380-NJR, 2020 WL 1703244, at *1 (S.D. Ill. Apr. 8, 2020) (citing *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)). In the § 2255 context, a properly filed Rule 59(e) motion—one filed within 28 days of entry of judgment and one that only asks the court to reconsider matters encompassed within the judgment—does not constitute a second or successive motion. *Banister v. Davis*, 590 U.S. 504, 513–17 (2020). "A Rule 60(b) motion[, by contrast,] should be treated as a successive habeas petition if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits.'" *Blitch v. United States*, 39 F.4th 827, 831–32 (7th Cir. 2022) (emphasis omitted) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Because Hunt is incarcerated, he could take advantage of the prison mailbox rule, under which a *pro se* prisoner's paper is considered filed at the time it is delivered to prison authorities rather than the time the court receives it. *See Edwards v. United States*, 266 F.3d 756, 757–58 (7th Cir. 2001). But Hunt provided no information as to when he delivered his motion to prison authorities. The motion is postmarked December 19, 2024 and was received by the Court December 26, 2024—regardless of which should be considered the "filing" date, the motion was

filed far beyond the 28-day deadline for Rule 59(e) motions.[1]  Accordingly, it would be considered a Rule 60(b) motion to vacate judgment.  *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").  However, Hunt's *Rehaif*-based argument seeks to add a new ground for relief that was not raised in his 2255 Motion, making it a second § 2255 motion.  *Compare* Mot. Recons. 1–2 (arguing that his conviction should be vacated because there was no evidence that he knew he had previously been convicted of a felony), *with* 2255 Mot. 14[2] (arguing that his conviction should be vacated because he was not informed of the three predicate convictions that the Government sought to rely upon for an enhanced sentence under 18 U.S.C. § 924(e)(1), despite Hunt not being sentenced under § 924(e)(1)).  Hunt needed permission from the Seventh Circuit to file a second § 2255 motion.  *See* 28 U.S.C. § 2255(h).  "Absent certification to file a successive habeas petition, a district court must dismiss an unauthorized successive § 2255 petition for lack of subject matter jurisdiction." *Blitch*, 39 F.4th at 832.  Hunt's Motion to Reconsider must be dismissed for lack of subject matter jurisdiction because he failed to get the certification necessary to file a second habeas motion.  *See id.*[3]

---

[1] Hunt claims that he did not receive notice of the Court's judgment until December 3, 2024 and that his time to appeal began on that date.  *See* Mot. Recons. 1.  To the extent he would similarly argue that the time to file a motion to reconsider did not start until that date, he is incorrect.  The Rule 59(e) deadline begins upon entry of judgment, not receipt of notice of judgment.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the *entry* of the judgment." (emphasis added)); *Jordan v. Vannatta*, 126 F. App'x 312, 313 (7th Cir. 2005).

[2] Citations to Hunt's 2255 Motion utilize the page numbers generated by CM/ECF.  *See* Oct. 22, 2024 Order 2 n.1.

[3] Hunt also requests reconsideration of the 2255 Motion "[t]o protect his appeal rights."  Mot. Recons. 1.  He asserts that he did not receive notice of the Court's October 22, 2024 Order until December 3, 2024 and that his time to appeal started on that date.  *Id.*  The nature of Hunt's request is unclear.  He might be asking the Court to reopen his 2255 proceeding and enter its order again, thereby giving him another opportunity to appeal.  If so, the Court denies his request as that is not a proper use of a motion to reconsider.  If he is simply asking the Court to order that his time to appeal started on December 3, 2024, that request is denied as well.  Time to appeal runs from the date judgment is entered, not from the date a party receives notice of a judgment.  *See* 28 U.S.C. § 2107(b) (providing that if the United States is a party to the suit, all parties have "60 days from . . . entry" of judgment to appeal); Fed.

The Motion to Reconsider, construed as a second or successive § 2255 motion, is DISMISSED for lack of jurisdiction.

## II. Petition for Writ

Hunt's Petition for Writ similarly must be dismissed for lack of jurisdiction because it too is functionally a successive § 2255 motion. He invokes the writs of *audita querela* and *coram nobis* to advance arguments against the validity of his conviction. Pet. Writ 1–3.[4] He argues that these writs survived the passage of the All Writs Act, 28 U.S.C. § 1651, discusses traditional equitable practices, and asserts that the Court should not recharacterize the Petition for Writ as a successive habeas motion. *Id.* at 2–4 (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

The writs of *audita querela* and *coram nobis* are not available to Hunt. *Coram nobis* is unavailable because Hunt is still in custody. *See United States v. Johnston*, No. 22-2202, 2023 WL 4196827, at *2 (7th Cir. June 26, 2023) ("Coram nobis is a rare form of collateral attack, available to defendants who are out of custody . . . ." (quotation marks omitted)), *cert. denied*, 144 S. Ct. 511 (2023); *United States v. Townsend*, No. 21-cr-30043-JES, 2024 WL 4545952, at *5 (C.D. Ill. Oct. 22, 2024) (same). *Audita querela* is unavailable because it "has no apparent relevance to criminal sentences," *Melton*, 359 F.3d at 856, and "cannot be used in place of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255," *United States v. Courtright*, No. 07-cr-30179-DRH, 2017 WL 3454451, at *2 (S.D. Ill. Aug. 11, 2017) (citing

---

R. App. P. 4(a)(1)(B) (same); *id.* 4(a)(7) (defining, as relevant to this case, "entry" of a judgment as when the judgment is entered on the docket); *cf. Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016) (holding that the defendant's belief that his time to appeal started when he received the court's judgment was incorrect and would provide no basis to grant an exception to the time limit for appeal). Lastly, to the extent Hunt's request should be construed as a motion to reopen under Federal Rule of Appellate Procedure 4(a)(6), the motion would be denied. A motion under Rule 4(a)(6) must be filed within fourteen days after the moving party receives notice of the judgment, Fed. R. App. P. 4(a)(6)(B), but Hunt's motion to reconsider was not filed until December 19 at the earliest, more than fourteen days after he claims he received notice on December 3, 2024.

[4] Citations to Hunt's Petition for Writ use the page numbers generated by CM/ECF because the Petition for Writ is unpaginated.

*United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)). Hunt's discussions of the All Writs Act and traditional equitable practices land far afield, amounting to little more than creative captioning:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

*Melton*, 359 F.3d at 857 (citation omitted).

Stripping away the Latin from Hunt's arguments makes clear that he is again substantively attacking his conviction. He argues that: (1) his constitutional rights were violated because the Government did not allege in the indictment or later prove that he knew he was a felon when he possessed a firearm as required by *Rehaif*, Pet. Writ 2; (2) his judgment is invalid and void because it was not signed as executed, *id.* at 3; and (3) a conviction under § 922(g) violates the Second Amendment, relying upon decisions like *United States v. Rahimi*, 602 U.S. 680 (2024), Pet. Writ 2–3. Because these arguments seek to set aside his conviction as violative of federal law or otherwise subject to collateral attack, they are within the scope of § 2255. Hunt needed the Seventh Circuit's permission to file his Petition for Writ, and the Court must dismiss this "unauthorized successive § 2255 petition for lack of subject matter jurisdiction." *Blitch*, 39 F.4th at 832; 28 U.S.C. § 2255(h).

Perhaps anticipating this treatment, Hunt argues that the Court should not recharacterize the Petition for Writ as a successive motion under § 2255 because the Supreme Court excluded certain writs from the scope of prior versions of § 2255. Pet. Writ 3–4 (citing *Morgan*, 346 U.S. at 511 (holding that § 2255 should not be construed "to cover the entire field of remedies in the

nature of coram nobis in federal courts")).  But the Supreme Court has made clear that a prisoner "cannot use [the All Writs] Act to circumvent statutory requirements or otherwise binding procedural rules."  *Shoop v. Twyford*, 596 U.S. 811, 820 (2022).  And it has explicitly held that "Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences."  *Jones v. Hendrix*, 599 U.S. 465, 480 (2023).  The Seventh Circuit has not "allowed § 1651 or the writ of audita querela to be used as a way around the rules and limitations of [§ 2255]," and the Court may not "resort to an antiquated source of habeas relief as a new 'end-run' around § 2255."  *Wyatt v. United States*, No. 23-cv-1915-DWD, 2023 WL 6049708 (S.D. Ill. Sept. 15, 2023).  Hunt wants this Court to set aside his conviction, but—as the Court warned him when he submitted his first collateral attack on his conviction, Apr. 22, 2024 Text Order (citing 28 U.S.C. § 2255(h))—the Court's jurisdiction to entertain his arguments in favor of that extraordinary relief is now dependent upon prior approval from the Seventh Circuit.  *See Blitch*, 39 F.4th at 832.  Because Hunt lacks that approval, the Court lacks jurisdiction, regardless of the caption or label applied thereto.  The Petition for Writ, construed as a second or successive § 2255 motion, is DISMISSED for lack of jurisdiction

### III. Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability.  Rule 11(a), Rules Governing § 2255 Proceedings.  A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Hunt has not made such a showing.  The Court, therefore, declines to issue a certificate of appealability.

7

## CONCLUSION

Accordingly, Defendant-Petitioner Jajuan Amond Hunt's Motion to Reconsider Doc #82 Under Rehaif 139 S.Ct-N-Waters 64 F.4th 199, ECF No. 84, and Petition for Writ of Audita Querla Set Aside and Vacate Defective Conviction 28 U.S.C. 1651(a) All Writs Act, ECF No. 85, are DISMISSED for lack of jurisdiction.

Entered this 16th day of April, 2025.

                                                     s/ Sara Darrow
                                                     SARA DARROW
                                 CHIEF UNITED STATES DISTRICT JUDGE